# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMY DEGON**, <br><br> Plaintiff, <br><br> v. <br><br> **USAA CASUALTY INSURANCE COMPANY**, <br><br> Defendant. | Case No. 3:19-cv-01152-IM <br><br> **OPINION AND ORDER** |

Frederick M. Millard, Douglas M. Bragg, and Melissa L. Young, Millard & Bragg, P.C., 419 Fifth Street, Oregon City, Oregon 97045. Attorneys for Plaintiff.

Joshua N. Kastan, Damian P. Stutz, and Melanie E. Rose, DKM Law Group, LLP, 1050 SW Sixth Avenue, Suite 1100, Portland, Oregon 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Defendant removed this insurance coverage dispute from state court. Plaintiff seeks remand because removal was not timely or, alternatively, because the amount in controversy is too low for federal-court jurisdiction. For the reasons that follow, Plaintiff's motion is denied.

## STANDARDS

A state-court civil action may be removed to federal court if plaintiff could have filed there in the first instance. 28 U.S.C. § 1441(a). For a federal court to have diversity jurisdiction,

the parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *see Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016).

When the state-court complaint does not clearly plead the minimum amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotations and citations omitted). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, if the court or a party questions whether the matter satisfies the amount-in-controversy requirement, the court looks to "summary-judgment-type evidence relevant to the amount in controversy at the time of the removal" in addition to the complaint and removal petition. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)); *see Dart Cherokee*, 574 U.S. at 89. There exists a "strong presumption" against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

In addition to the requirements of federal subject-matter jurisdiction, there are procedural requirements for a timely removal under 28 U.S.C. § 1446. *Fritsch*, 899 F.3d at 788. A defendant normally has 30 days after receipt of the complaint or summons to remove a civil case to federal court. 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction," *Rea v. Michaels Stores, Inc.*, 742 F.3d

1234, 1238 (9th Cir. 2014) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005)), then the petition for removal may be filed within the 30-day period after defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). Under this statute, "other paper" includes responses to discovery. *Id.* at § 1446(c)(3)(A).

## BACKGROUND

Plaintiff originally filed this action in Clackamas County Circuit Court on June 3, 2019, ECF 1-1 at 11, and served Defendant on June 5, ECF 1-2 at 2. Plaintiff alleges that Defendant breached the parties' contract and committed defamation, causing both economic damages and emotional distress. ECF 1-5 at 3–8. According to the complaint, Plaintiff seeks attorney's fees, available under ORS 742.061, on top of damages specified in the amount of $52,500. *Id.* at 7.

After answering the complaint on July 3, 2019, ECF 1-7 at 10, Defendant sent Plaintiff a set of requests for admission, dated the same day, ECF 1-8 at 10. Three of those queries specified:

> REQUEST FOR ADMISSION NO. 5:
>
> Admit that YOU are not seeking damages exceeding $75,000.01, exclusive of interest and costs in this case.
>
> . . .
>
> REQUEST FOR ADMISSION NO. 6:
>
> If YOU denied Request for Admission No. 5, admit that YOU will not, after the expiration of one year from the date this action was commenced, move to amend YOUR COMPLAINT to seek damages in excess of $75,000.01, exclusive of interest and costs.
>
> . . .
>
> REQUEST FOR ADMISSION NO. 7:
>
> If YOU denied Request for Admission No. 5, admit that YOU or YOUR attorneys will not ask a judge or jury for damages in excess of $75,000.01.

PAGE 3 – OPINION AND ORDER

ECF 1-8 at 6. In response, on July 9, Plaintiff's counsel sent an email to Defendant's counsel, stating:

> In reviewing RFA 5 and RFA 6, it seems like (and I could be wrong) that you are looking to get admissions that this case is not removeable to Federal Court.
>
> My understanding of the Removal Statutes is that attorney[']s fees count in that $75,000 in controversy. Therefore, it is possible (depending on how much work we all want to do on this case) that the attorney[']s fees and amount of the loss could exceed $75k by the end. Then again, it's entirely possible that they won't.
>
> Also, as far as I know, the losses are what is stated in the prayer. However, it is possible that through the course of discovery and developing the case that we discover some other facts that give rise to other claims or other damages. I don't have a crystal ball to predict the future.
>
> But, if the idea is USAA wants to remove the case if it can, or limit Plaintiff's damages if it can't, then my thought would be go for the Removal based upon the allegation of attorney[']s fees. Of course, at this time, I don't know if Removal is timely, but that's between USAA and the courts.
>
> We will, of course, answer the RFAs as best we can. However, I don't think USAA can expect particular [*sic*] enlightening responses to either question.

ECF 1-4 at 2.[1]

Defendant filed a notice of removal in this Court on July 25. ECF 1. On August 23, Plaintiff filed a motion to remand the proceedings to state court. ECF 7. With its reply motion, Plaintiff submitted a declaration from Plaintiff's counsel, stating that "[a]t the time of removal, Plaintiff's attorney[']s fees were insufficient to raise Plaintiff's prayer of $52,500.00 beyond $75,000.00." Decl. of Melissa Young ("Young Decl.") at ¶ 4, ECF 11.

This Court scheduled a hearing on the motion to remand and asked the parties to prepare argument on *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018), which they did not cite in their briefing. ECF 12. At the hearing, Plaintiff's counsel clarified that

---

[1] According to Defendant's briefing on this motion, Plaintiff never formally responded to the requests for admission. *See* ECF 9 at 5.

PAGE 4 – OPINION AND ORDER

the alleged $52,500 in damages pertains only to the claims for breach of contract; that figure does not include damages for the defamation claim. Plaintiff's counsel also asserted that attorneys experienced in this kind of litigation would recognize that the complaint in this case—with contract damages of $52,500, damages for the defamation claim, and attorney's fees from the entire lawsuit—presents an amount in controversy above $75,000. As a result, she argued that Defendant's removal was untimely. At the end of the hearing, this Court orally denied the motion.[2]

## DISCUSSION

Plaintiff here challenges removal, arguing that (1) it was not timely and (2) the amount in controversy is too low for federal jurisdiction. ECF 7 at 3–6. Plaintiff also argues that (3) she is entitled to fees and costs incurred as a result of Defendant's effort to remove the case. *Id.* at 7. These arguments are misplaced.

First, removal was timely here. The Ninth Circuit has rejected the idea that a defendant must remove a complaint within 30 days of filing when the facts establishing federal jurisdiction are ambiguous. *Harris*, 425 F.3d at 694. Instead, the 30-day window under 28 U.S.C. § 1446(b) does not begin running until a defendant receives the necessary facts to support removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("After *Harris*, . . . we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove."). In this case, the 30-day period never elapsed because the amount in controversy was not apparent from the four corners of the complaint. For example, it was not clear whether Plaintiff's alleged damages of $52,500, which appeared in the case

---

[2] This written order represents the Court's ultimate evaluation of the motion. *See Ellison v. Shell Oil Co.*, 882 F.2d 349, 352 (9th Cir. 1989).

caption, included damages for the defamation claim. *See* ECF 1-5 at 2; *see also* Young Decl. at ¶ 4, ECF 11 (referring to the $52,500 figure as "Plaintiff's prayer of $52,500.00"). Nor was the scope of attorney's fees clear from the face of the complaint. As a result, it was appropriate for Defendant to seek removal after clarifying the amount in controversy through discovery. *See Harris*, 425 F.3d at 697.

Second, the amount in controversy here exceeds the jurisdictional minimum. Ordinarily, the court determines the amount in controversy from "summary-judgment-type evidence relevant to the amount in controversy at the time of the removal" in addition to the complaint and removal petition. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted). In this analysis, district judges also have the discretion to rely on a judicial admission in open court. *Id.* at 376. Under *Fritsch*, the court "must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." 899 F.3d at 794.

Defendant contends that the email from Plaintiff's counsel, encouraging Defendant to "go for the Removal," provided enough evidence of the amount in controversy. Taken by itself, the message is not quite so conclusive. *See* ECF 1-4 at 2. But over the course of the hearing, Plaintiff's counsel stated that attorneys experienced in these types of claims would recognize that contract damages of $52,500, damages for the defamation claim, and attorney's fees from the entire lawsuit top $75,000. The court is entitled to rely on an attorney's judicial admission of the amount in controversy. *Singer*, 116 F.3d at 376. That rule is especially sensible where, as here, Plaintiff's counsel has superior knowledge of the fee arrangement with her client and the scope of attorney's fees at stake over the course of these proceedings. Accordingly, this Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## CONCLUSION

For the reasons in this opinion and order, Plaintiff's motion to remand is DENIED. Therefore, Plaintiff is not entitled to an award of attorney's fees and costs incurred as a result of removal. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

DATED this 12th day of November, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge